IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MTGLQ Investors, L.P.,

      Appellant,

v.

Marble Cliff Crossing Apartments, LLC,

      Appellee.

Case No. 2:12-cv-990

Judge Graham

## ORDER

Before the Court is appellant's emergency motion for an order suspending the bankruptcy court's plan confirmation hearing set for November 1, 2012. Doc. 1. This is a motion for relief pending appeal under Federal Rule of Bankruptcy Procedure Rule 8005 which allows the district court to grant a "stay of the judgment, order, or decree of a bankruptcy judge . . . or for other relief pending appeal . . . ."

In the underlying appeal, appellant MTGLQ Investors, L.P. (MTGLQ) seeks review of an order in which the bankruptcy court granted a motion to "extend the exclusive periods" filed by debtor Marble Cliff Crossing Apartments, LLC, (Marble Cliff). The "exclusive period" at issue is the time in which only the debtor may file a bankruptcy plan pursuant to 11 U.S.C. § 1121(b). Once that exclusivity period has run, 11 U.S.C. § 1121(c) provides three situations in which other interested parties may file a plan. The bankruptcy court "may for cause reduce or increase" the exclusivity period. 11 U.S.C. § 1121(d)(1). Marble Cliff made three motions to extend the exclusivity period and the bankruptcy court granted each. This appeal seeks review of the order granting the third such motion. Doc. 2-30. The bankruptcy court held that the fact that MTGLQ had voted to reject Marble Cliff's proposed plan did not prevent the court from granting such an extension, and that Marble Cliff had established cause for the extension. Doc. 2-30 at 1-2.

The motion at issue here is not directly related to the merits of the bankruptcy court's decision to grant the extension of exclusivity. This motion regards the scheduled date of the confirmation hearing for the plan filed by the debtor, Marble Cliff. On August 29, 2012, the bankruptcy court set the confirmation hearing for November 1, 2012. Subsequent to that order, the bankruptcy court granted Marble Cliff's motion to extend the exclusivity period to November 30, 2012. As movant points out, the exclusivity period now extends beyond the date of the confirmation hearing. Because movant wishes to file its own plan, it argues that this Court must suspend the bankruptcy court's confirmation hearing until the exclusivity period expires. Movant argues that absent such an order, it will suffer irreparable harm because it "will be denied the opportunity to file a competing plan for consideration by the Bankruptcy Court . . . ." Doc. 1 at 2. This argument rests on two uncertainties. First, movant will only suffer harm if the bankruptcy court confirms Marble Cliff's plan at the confirmation hearing–a hearing at which movant may argue that the court should not confirm Marble Cliff's plan. Second, movant's argument rests on the proposition that it has a substantive right to file its own plan under 11 U.S.C. § 1121, and that the bankruptcy court may not conduct a confirmation hearing prior to expiration of the exclusivity period. It is not clear from the record that movant has raised this precise issue in the bankruptcy court. That court is in the best position to address the issue in the first instance unless it has somehow been waived.

Finally, MTGLQ argues that the bankruptcy court lacks jurisdiction to proceed with the confirmation hearing pending this appeal. Doc. 1 at 7. It cites to a handful of non-binding cases for the proposition that once a party has appealed any bankruptcy order, that appeal "divests the bankruptcy court of jurisdiction over . . . other matters that could interfere with the appeal." Doc. 1 at 7 (citing In re Whispering Pines Estates, Inc., 369 B.R. 752, 761 (B.A.P. 1st Cir. 2007)). The confirmation hearing does not interfere with this appeal. Rather than interfere with this appeal, the

confirmation hearing could eliminate or make certain the possibility that the order extending the exclusivity period could harm MTGLQ.  Nor is movant is threatened with irreparable harm when it remains free to seek relief from the bankruptcy court.

For the foregoing reasons, the appellant's motion to suspend the confirmation hearing (doc. 1) is DENIED.

IT IS SO ORDERED.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: October 29, 2012